IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Central Valley Ag Cooperative, | ) | |
| | ) | 8:17-cv-00379-LSC-CRZ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Daniel K. Leonard et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the parties' joint motion, (Filing No. 94), which is hereby granted:

## STIPULATED PROTECTIVE ORDER

**1. Nondisclosure of Certain Confidential Documents.**

**(a)** "Document" means, without limiting its generality, any physical thing containing information or any written, recorded, graphic or other matter, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, belts, charges, film, computer storage devices or any other medium, including but not limited to all documents necessary to the comprehension or understanding of any designated document, and includes but is not limited to originals, drafts, redrafts and each separate copy of each document.

**(b)** Except as outlined in Paragraph 2 or with prior written consent of the party designating a document to be protected from disclosure, no document produced in discovery in this litigation, including the content thereof, designated as CONFIDENTIAL, may be disclosed to any person or entity. A party who produces material may designate it as CONFIDENTIAL only when the party in good faith believes it contains proprietary

1

information, trade secrets, privileged information, or nonpublic technical, financial, personal, or business information. A document designated as CONFIDENTIAL means (i) any document which bears the legend "CONFIDENTIAL"; and (ii) any electronically stored information produced on a CD, disk, USB drive, or any other medium for producing electronically stored information which bears the label "CONFIDENTIAL."

**(c)** A party receiving from another party any document designated as CONFIDENTIAL may object in writing to the designation within 30 days of receipt of the document and must state the reasons for such objection with respect to each item. The parties shall then meet and confer in good faith regarding the designation. If the parties are unable to come to an agreement regarding the designation, the document or documents at issue shall remain so designated unless the party challenging the designation files a motion with the Court challenging such designation and the Court grants the motion. The document or documents at issue shall be treated as CONFIDENTIAL and entitled to all protections set forth in this Stipulated Protective Order while any such motion is pending.

**(d)** If a document is produced by more than one party and is designated CONFIDENTIAL by only one party, that document will be considered CONFIDENTIAL unless challenged under the provisions of this Stipulated Protective Order.

**(e)** This Stipulated Protective Order shall be without prejudice to the right of any party to: object to the production of any information or documents it reasonably considers not subject to discovery or object to their use at trial; and/or to apply to or move the Court for an order compelling production of information or documents.

12555230v1

## 2. Permissible Disclosures of Documents Designated CONFIDENTIAL.

Notwithstanding Paragraph 1, disclosure of documents designated as CONFIDENTIAL, and the information contained therein, shall be limited to:

**(a)** legal counsel to the parties in these proceedings and partners, associates, secretaries, paralegals, and other employees or vendors of such counsel to the extent reasonably necessary to render professional services in the litigation;

**(b)** any current or former employee of a party whom legal counsel reasonably believes needs to review or learn of the content of documents designated as CONFIDENTIAL for purposes of providing assistance with this litigation including evaluating settlement of this litigation;

**(c)** persons with prior knowledge of the documents designated as CONFIDENTIAL and confidential information contained therein;

**(d)** an expert who will be providing professional opinions based upon a review of the CONFIDENTIAL documents and who has signed a Non-Disclosure Agreement in the form of Exhibit 1;

**(e)** court officials involved in this litigation, including court reporters; and

**(f)** any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper and who has signed a Non-Disclosure Agreement in the form of Exhibit 1.

## 3. Securing Documents Designated CONFIDENTIAL.

Before receiving any document designated CONFIDENTIAL, any person identified in Paragraph 2(b), 2(d), 2(f), or 2(g) shall be provided with a copy of this Stipulated Protective

Order, shall agree to be bound by its terms, and shall certify such agreement by signing the Non-Disclosure Agreement attached as Exhibit 1 to this Stipulated Protective Order. Any such person who is then provided with documents designated CONFIDENTIAL shall not duplicate or make copies and, at the conclusion of this litigation, any such person shall return all CONFIDENTIAL documents to counsel for the party that made the disclosure to that individual or destroy them. The lead attorney for any party that makes a disclosure as described in this Paragraph 3 shall retain the original executed copy of the recipient's Non-Disclosure Agreement until final resolution of this litigation.

   **4.    Use of Documents Designated CONFIDENTIAL.**

   **(a)**    During a deposition, a deponent may be shown and examined about documents designated CONFIDENTIAL or about confidential information contained therein only if the deponent is one of the persons or entities designated in Paragraph 2 and the provisions of Paragraph 3, if applicable, have been satisfied before the commencement of the deposition. A deponent shall not retain or copy any portion of his or her deposition transcript that contains confidential information not provided by the deponent or the entity the deponent represents. A deponent who is not a party or a representative of a party shall be furnished a copy of this Stipulated Protective Order before being examined or asked to produce documents potentially subject to this Stipulated Protective Order.

   **(b)**    Parties (and deponents) may, within 30 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) CONFIDENTIAL by marking a page or pages of the transcript CONFIDENTIAL. Until expiration of the 30-day period, the entire deposition will be treated as CONFIDENTIAL pursuant to this Order. If

no party or deponent timely designates information or testimony in a deposition as CONFIDENTIAL, none of the transcript or its exhibits will be treated as material protected by this Order after the expiration of that 30-day period.

5. **Filings Containing or Referencing Documents Designated CONFIDENTIAL.**

If a party intends to include or reference documents designated CONFIDENTIAL in any pleading or other document filed with the Court, the filing party may either (a) confer with the designating party to determine whether appropriate redactions can be made to the document before it is publicly filed or (b) file the document as a restricted access document under NECivR 5.3. In the event that a filing party fails to comply with the foregoing requirement, any party may, without limitation, file a motion to restrict access to the confidential material.

6. **Inadvertent Disclosure.**

If a party inadvertently produces a document without labeling, marking, or otherwise designating the document CONFIDENTIAL, the producing party may give written notice to the receiving party that the document produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, to persons not authorized to receive confidential information shall not be deemed a violation of this Order.

7. **Clawback Agreement.**

**(a)** In connection with this litigation, if a party or non-party inadvertently discloses information subject to a claim of attorney-client privilege or work product protection

("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding.

**(b)** If at any time prior to the trial of this action the disclosing party discovers that it has disclosed Inadvertently Disclosed Information, it shall, as soon as practicable after learning that such information was inadvertently or mistakenly produced, notify all parties in writing of the inadvertent disclosure. Upon receiving the disclosing party's notice, the receiving party shall return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information, take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the receiving party prior to such notification, and provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted.

**(c)** If the receiving party objects (or intends to object) to the disclosing party's privilege or protection claim, it shall refrain from any further use, disclosure, or dissemination of the Inadvertently Disclosed Information in any way (including, but not limited to, using the information at depositions or trial) until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information.

**8. Use for Purposes of This Litigation Only.**

**(a)** Persons or entities obtaining access to documents designated CONFIDENTIAL and confidential information contained therein shall use the information only for preparation and trial of this litigation or in *Central Valley Ag Cooperative v. McGrath*

*North, et. al.*, Case No. CI 18-114, in the District Court of York County, Nebraska, (including any appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative purposes, or in any other judicial or administrative proceeding.

**(b)** If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of documents designated CONFIDENTIAL and received by a party in this litigation, that party shall promptly notify the producing party of the subpoena or production order. Such notice must be provided in sufficient time to give the producing party, if possible, the opportunity to participate in quashing, modifying, or otherwise responding to any compulsory process in an appropriate and timely manner. Upon the filing by the producing party of a motion to quash or for protective order, the subpoenaed party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production.

9. **Non-Termination.**

The provisions of this Order shall survive the termination of this action and continue in full force and effect until further order of this Court. Within 60 days after final conclusion of all aspects of this litigation (including any appeals or retrials), documents designated CONFIDENTIAL and all copies of same, shall be returned upon written request to the party or person that produced such documents, or, at the option of the producer, destroyed, except that each counsel of record may retain one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein.

12555230v1

**10. Modification**

Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery requests or discovery responses which that party believes to be otherwise improper.

**11. Matters of Public Record**

This Stipulated Protective Order shall not apply to any document or materials obtained by counsel for any party where that party can demonstrate that the document or materials at issue:

**(a)** were already a matter of public record before received in discovery; or

**(b)** became a matter of public record after discovery without fault, negligence or a violation of this Stipulated Protective Order.

IT IS SO ORDERED:

August 22, 2018.

BY THE COURT:

_____
Cheryl R. Zwart
United States Magistrate Judge

# EXHIBIT 1
# NON-DISCLOSURE AGREEMENT

The undersigned, _____(print or type name of person) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the case titled *Central Valley Ag Cooperative v. Daniel K. Leonard et al.*, United States District Court for the District of Nebraska, Civil Action No. 8:17-cv-00379-LSC-CRZ; that he or she has read the Stipulated Protective Order; agrees to be bound by all the provisions thereof; and hereby submits to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Date: _____

Signed: _____