IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CENTRAL VALLEY AG COOPERATIVE, et. al; <br><br> Plaintiffs, <br><br> vs. <br><br> DANIEL K. LEONARD, SUSAN LEONARD, THE BENEFIT GROUP, INC., ANASAZI MEDICAL PAYMENT SOLUTIONS, INC., CLAIMS DELEGATE SERVICES, LLC, and GMS BENEFITS, INC., <br><br> Defendants. | **8:17CV379** <br><br> **ORDER** |

After conferring with counsel, (Filing No. 103),

IT IS ORDERED that as to the third-party subpoena Defendant The Benefit Group, Inc. (TBG) intends to serve on Holmes Murphy and Associates:

1) As to documents created or received <u>before</u> Beau Reid, Division Leader for Holmes Murphy, was retained as a consulting expert (in December 2017, specific date to be provided by Plaintiffs), Holmes Murphy shall produce all documents requested in the subpoena.

2) As to documents created or received <u>after</u> the date Beau Reid was retained as a consulting expert, Holmes Murphy shall produce all documents requested in the subpoena except as follows:

    a. Documents reflecting expert consultation discussions or opinions arising from communications between Plaintiffs' counsel and Beau Reid need not be produced nor itemized on a privilege log.

b.  Documents reflecting expert consultation discussions or opinions arising from communications between Plaintiffs or their representatives and Beau Reid, and initiated or performed at the direction of Plaintiffs' counsel, need not be produced in response to the subpoena, but such documents must be identified on a privilege log, and that privilege log[1] shall be accompanied by an affidavit or declaration under oath explaining why Plaintiffs contend such documents are work product and not subject to discovery.

3) The underlying business or other documents (excluding documents or document summaries authored by Plaintiffs' counsel) in Holmes Murphy's possession and reviewed and interpreted by Beau Reid to formulate and provide consulting opinions or explanations are not protected from disclosure under this order.

September 14, 2018.        BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] For each document withheld, Plaintiffs' privilege log must provide a description of the document with as much specificity as is practicable without disclosing its contents, including:

(a)  the general nature of the document;

(b)  the identity and position of its author;

(c)  the date it was written;

(d)  the identity and position of its addressee;

(e)  the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;

(f)  the document's present location and the identity and position of its custodian; and

(g)  the specific reason or reasons why it has been withheld from production or disclosure.