# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CENTRAL VALLEY AG COOPERATIVE, for itself and as sponsor for the Central Valley Ag Cooperative Health Care Plan,<br><br>*Plaintiff*,<br><br>v.<br><br>DANIEL K. LEONARD, SUSAN LEONARD, THE BENEFIT GROUP, INC, ANASAZI MEDICAL PAYMENT SOLUTIONS, INC. d/b/a/ ADVANCED MEDICAL PRICING SOLUTIONS, CLAIMS DELEGATE SERVICES, LLC and GMS BENEFITS, INC.,<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 8:17-cv-379 |

## RULE 26(A)(1) FIRST SUPPLEMENTAL INITIAL DISCLOSURES BY PLAINTIFF, CENTRAL VALLEY AG COOPERATIVE

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Central Valley Ag Cooperative ("Plaintiff"), hereby provides the following supplemental initial disclosures:

**A.   Disclosure Pursuant to Rule 26(a)(1)(A)(i).**

The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

| Linie Humpal | c/o Timothy J. Thalken, Fraser Stryker PC, 500 Energy Plaza, 409 S. 17th Street, Omaha, NE 68102 | Has knowledge concerning all issues in the case. |
|---|---|---|
| Daniel Leonard | c/o Diana J. Vogt, Sherrets Bruno & Vogt, LLC, 260 Regency Parkway Dr., Suite 200, Omaha, NE 68114 | Mr. Leonard is a Defendant in this case and has knowledge concerning all issues in the case. |

1

18. Documents provided by any party to the Department of Insurance or the Department of Labor.

Documents relevant to Plaintiff's claims are the subject of discovery at this time. As such, Plaintiff reserves the right to supplement this response upon discovery of additional information and/or evidence.

C. **DISCLOSURE PURSUANT TO RULE 26(A)(iii).**

A computation of each category of damages claimed by the disclosing party -- who must make available for inspection and copying as under Rule 34 – the documents or other evidentiary material, unless privileged or protected from disclosure, in which each computation is based, including materials bearing on the nature and extent of injuries suffered:

The exact amount of Plaintiff's damages is the subject of discovery at this time as Plaintiff is in need of information and documents from Defendants to perform its final damages calculations. As such, Plaintiff reserves the right to supplement this response upon discovery of additional information and/or evidence. At the present time, Plaintiff's calculation of its damages is based on the following (for which all relevant documents are in the possession of Defendants, and which calculations are subject to change as discovery continues and final expert opinions are obtained):

Census listings for employees of CVA provided by TBG show that there were 884 and 898 employees listed on the census for 2015 and 2016, respectively. Cash remitted by CVA to TBG for "claims" was $6,168,034 in 2015, and $9,239,841 in 2016, which figures include, upon information and belief, excess compensation to GMS/the Leonards, AMPS/CDS, and other non-medical service providers, excess stop-loss premium amounts due to claims experience of non-related entities, and claims not covered by stop-loss for 2015 and 2016. The excess compensation paid to TBG was paid directly to TBG by CVA. CVA paid TBG $1,194,239.95 in fees in 2015, and $1,271,479.20 in fees in 2016.

7

In addition, in 2014, the Plan paid TBG $185,000 for Catamaran/Optum for prescription drugs for "claims" for 357 employees, but in 2015 and 2016, CVA paid $1,075,000 and $1,281,000 for prescription drugs respectively (for about twice as many lives as those represented in the 2014 UFC figures, but obviously much more than twice the amount of charges). Based on information provided to Beau Reid by Linie Humpal, TBG and/or Mr. Humpal were receiving payments via the TBG relationship with Catamaran/Optum that provided for payments to TBG of over $3.00 per prescription, which upon information and belief accounts for a large portion of those overpayments. The Plan's 2017 claims immediately went back down to $6,513,676.79 when Defendants were no longer involved with the Plan, except for TBG's involvement in "run-out" claims. It is important to note that this 2017 figure includes 2015 and 2016 "run-out" claims that were still being paid through TBG and by CVA directly during 2017 due to the Defendant's actions. CVA is still in the process of negotiating additional 2015 and 2016 claims due to the mishandling of those claims by Defendants, and damages continue to accumulate.

Refund amounts from Providers of money paid by the Plan to TBG for claims that were retained by TBG for years at a time and never refunded to the Plan until within the last few months and weeks since filing this litigation. The total amount in retained refund money still held by TBG is unknown at this time, but Plaintiff already has concrete proof that TBG retained at least $39,298.96 that it never refunded or told CVA about in any way until after this litigation was filed, and in some instances not until CVA paid its attorneys to investigate the matter on their own and obtain information from the provider directly about the refunds issued, and had to also pay TBG to release the information on individual claims and refunds. This amount is comprised of the following information CVA possesses at this time: a December 28, 2017 TBG "Checks Pending Register Report" addressing $22,855.74 retained in "overpayments" by TBG; an email exchange involving Kutak Rock attorneys and Emily Langdon and Tim Thalken from early July, 2018, in

8

which Ms. Langdon admits after irrefutable evidence gathered by attorneys at Kutak Rock that TBG did, in fact, retain a refund of Plan money CVA paid for a Columbus Community Hospital claim from April 2016 until July 2018, in the amount of $5,263.81, together with a letter and check in that amount received on July 21, 2018 from Julie Maschka "relating to [that] refund"; a letter and check received on July 21, 2018 from Julie Maschka "representing a refund" of $45.51 for a Plan participant; and a cancelled check recently obtained from Columbus Community Hospital dated July 29, 2015 that represents another refund issued to TBG of Plan money that TBG initially deposited, and then retained in its own accounts for the ensuing three years, up through the present time, in the amount of $10,773.90. This amount of Plan assets over which TBG exercised control is expected to be much higher, but further investigation is necessary through discovery to determine the exact amount.

Attorney's fees, expert costs, costs of processing remaining run-out claims, and audit expenses.

Amounts in interest that TBG retained that was earned on Plan assets held by TBG, either in money paid in to TBG for claims that weren't paid until long after TBG received the money, or in Plan money held by TBG in the form of refunds from providers. In the alternative, amounts that could have been earned in interest by the Plan on these Plan assets if the money had not been held improperly by TBG. This amount is currently unknown.

All figures related in this Initial Disclosure are based on calculations known at this time, and they are subject to supplementation as discovery continues.

**D.    DISCLOSURE PURSUANT TO RULE 26(A)(iv).**

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a judgment:

None.

DATED this 1st day of August, 2018.

JACKSON LEWIS, P.C.

By: /s/ René E. Thorne
René E. Thorne, La Bar #22874
Admitted *pro hac vice*
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Phone: (504) 208-1755
Fax: (504) 208-1759
Email: rene.thorne@jacksonlewis.com

Michaelle L. Baumert, NE Bar #20948
10050 Regency Circle, Suite 400
Omaha, Nebraska 68114
Phone: (402) 391-1991
Fax: (402) 391-7363
Email: michaelle.baumert@jacksonlewis.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2018, the foregoing document was served on all counsel of record via electronic mail.

/s/ Michaelle L. Baumert
Michaelle L. Baumert

4812-9998-7822, v. 1

10